IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ANTHONY MOORE**,

    Plaintiff,

v.                                      Civ. No.      **02-1445 MCA/KBM**

**JUAN HERNANDEZ,
ROBERT JONES,
BERNICE MONTOYA,
DONA ANA COUNTY**
and **UNKNOWN DOES 1-10**,

    Defendants.

### MEMORANDUM OPINION AND ORDER

### INTRODUCTION

**THIS MATTER** is before the Court on Defendant *Dona Ana County's Motion to Dismiss* filed February 14, 2003. [doc . no. 4]. The motion is fully briefed [doc. nos. 5, 8, 9], and there is no need for oral argument before deciding this matter. After careful consideration of the pleadings and pertinent law, the Court concludes that the motion to dismiss should be denied.

### BACKGROUND

On November 15, 2002, Anthony Moore (Plaintiff), acting in a *pro se* capacity, filed a *Complaint for Damages for Civil Rights Violations* against three individual Defendants and Defendant Dona Ana County under 42 U.S.C. § 1983. [doc. no. 1]. Plaintiff asserts a single cause of action against all Defendants—that of alleged deprivation of property without due process. He alleges that he was a law enforcement officer and employee of Dona Ana County Sheriff's

Department, but that he was forced to resign from his position as a result of being arrested on fabricated criminal charges in Texas. [Doc. No. 1.] More specifically, Plaintiff asserts that Sheriff Juan Hernandez, Officer Robert Jones, and Bernice Montoya, the secretary to Sheriff Hernandez, (the named Defendants) all approached Plaintiff while he was in jail, and told him that he would be fired if he did not resign. Thus, Plaintiff claims that he was coerced into signing a resignation statement without being provided any administrative or due process hearing before losing his position.

Plaintiff's complaint also alleges that, subsequent to signing the resignation statement, he returned home and discovered a pink slip signed by "a county commissioner," stating that he could never again be employed by Dona Ana County.[1] [Doc. No. 1, ¶ 13.] Plaintiff further contends that a county commissioner is a member of a policy-making entity for Dona Ana County. [Id., ¶ 14.] In their answer, the individual Defendants deny many of the allegations, but they admit that Defendant Hernandez was the Sheriff of Dona Ana County (the County). [Doc. No. 3, ¶ 5.]

The County argues that the complaint should be dismissed against it for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure because Plaintiff did not set forth any policy or procedure of the County sufficient to establish liability on the part of a municipal body. The County's motion does not request dismissal of the complaint as against the three individual Defendants.[2] Thus, the County's request is more properly characterized as a motion for partial dismissal of the complaint.

---

[1] In their answer, the individual Defendants neither admit nor deny any part of this allegation. [Doc. No. 3, ¶ 2.]

[2] Defense counsel entered an appearance on behalf of the individual Defendants and the County. [Doc. No. 2.] On February 14, 2003, an answer was filed on behalf of the individual Defendants only. [Doc. No. 3.] On that same day, in lieu of filing an answer, the County filed its motion to dismiss. [Doc. No. 4].

## ANALYSIS

### A.     Rule 12(b)(6) Motion to Dismiss

A Rule 12(b)(6) motion to dismiss should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  In considering a Rule 12(b)(6) motion to dismiss, the court accepts as true all well-pleaded facts, and reads all reasonable inferences in favor of the plaintiff. Swanson v. Bixler, 750 F.2d 810, 813 (10th Cir. 1984).  The issue is not whether the plaintiff will prevail, but whether he is entitled to offer evidence in support of his claim(s).  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984). The Tenth Circuit has observed that the federal rules "'erect a powerful presumption against rejecting pleadings for failure to state a claim.'" Maez v. Mountain States Tel. & Tel., Inc., 54 F.3d 1488, 1496 (10th Cir. 1995) (internal citation omitted).  Nonetheless, a plaintiff must allege sufficient facts to outline a cause of action.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In this case, the Court also considers the fact that Plaintiff is a *pro se* litigant.  Dismissal of a *pro se* complaint under Rule 12(b)(6) is appropriate only "'where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend.'"  Curley v. Perry, 246 F.3d 1278, 1281 (10th Cir. 2001), cert. denied, 534 U.S. 922 (2001) (internal citation omitted).  Moreover, a *pro se* party's pleadings are construed liberally and held to a less stringent standard than pleadings prepared by an attorney.  Hall, 935 F.2d at 1110. Notwithstanding the liberal construction due pleadings prepared by a *pro se* party, the court "will not

construct arguments or theories for the plaintiff in the absence of any discussion of those issues." Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir. 1991).

### B. Municipal Liability

"Local governing bodies . . . can be sued directly under § 1983 for monetary . . . relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. N.Y. City Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." Wyatt v. Cole, 504 U.S. 158, 161 (1992).

To be held liable directly under § 1983, a local governing body must have acted unconstitutionally pursuant to an official policy or custom.[3] See id. at 694. In contrast, a municipality will not be held liable under § 1983 merely because it employs a person who violated a plaintiff's federally-protected rights. See Monell, 436 U.S. at 691 (municipality cannot be held liable by application of the doctrine of vicarious liability and/or *respondeat superior*).

Ordinarily, "[p]roof of a single incident of unconstitutional activity is not sufficient to impose [municipal] liability." Butler v. City of Norman, 992 F.2d 1053, 1055 (10th Cir. 1993). However, "it is plain that municipal liability may be imposed for a single decision by municipal policy-makers under appropriate circumstances . . . because even a single decision by such a body unquestionably

---

[3] Monell involved the liability of a city government, but the rules applicable to municipal liability under § 1983 have been extended to county governments as well. See, e.g., McMillian v. Monroe County, Ala., 520 U.S. 781, 783 (1997) ("If the sheriff's actions constitute county 'policy,' then the county is liable for them.")

constitutes an act of official government policy." Pembaur v. City of Cincinnati, 475 U.S. 469, 480 (1986).

> [T]he power to establish policy is no more the exclusive province of the legislature at the local level than at the state or national level. Monell's language makes clear that it expressly envisioned other officials "whose acts or edicts may fairly be said to represent official policy," Monell, *supra*, [436 U.S.] at 694, and whose decisions therefore may give rise to municipal liability under § 1983.

Id. In other words, "'a municipality may be held liable under 42 U.S.C. [§] 1983 if the allegedly unconstitutional act was committed by an official high enough in the government so that his or her actions can be said to represent a government decision.'" City of St. Louis v. Praprotnik, 485 U.S. 112, 119 (1988). See also Ware v. Unified Sch. Dist. No. 492, 881 F.2d 906, 913 (10th Cir. 1989).

Here, Plaintiff has alleged that Sheriff Hernandez visited him in jail and allegedly coerced him to sign a resignation statement. Whether a county sheriff is a "policymaker" for purposes of § 1983, municipal liability is a question of state law. In any event, it cannot be decided at this stage of the proceedings, nor does the County assert that a county sheriff is not a "policymaker."

Here, after reading all reasonable inferences in favor of Plaintiff, the Court cannot conclude beyond doubt that Plaintiff can prove no set of facts in support of his claim that would entitle him to relief. The Court's ruling should not be read to mean that the Court views Plaintiff's claim to be compelling, or that the claim will survive similar arguments at the summary judgment stage. The decision means only that, at this stage of the proceeding, Plaintiff has alleged sufficient facts to outline a cause of action.

## CONCLUSION

For the reasons stated above, the County's motion to dismiss will be denied.

**IT IS, THEREFORE, ORDERED** that *Defendant Dona Ana County's Motion to Dismiss* [doc. no. 4] is **DENIED**.

**SO ORDERED**, this 25th day of July, 2003, in Albuquerque, New Mexico.

                                              **M. CHRISTINA ARMIJO**
                                              *United States District Judge*